IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-2734-RBJ-KLM

NELSON VETANZE, doing business as OMNI CHIROPRACTIC,

Plaintiff,

v.

NFL PLAYER INSURANCE PLAN,

Defendant.

## ORDER

This case was originally filed in Arapahoe County District Court (Case Number

2011CV1897).  Defendant removed the case to this Court based on federal question jurisdiction.

Defendant argues that plaintiff's state law claims are preempted by the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  The case is before the Court

on plaintiff's motion to remand.

**Facts**

Plaintiff, Nelson Vetanze, is an individual who does business as Omni Chiropractic in

Aurora, Colorado.  The NFL Player Insurance Plan (the "Plan") provides insurance benefits to

National Football League ("NFL") players.  In September 2010, the Plan informed Vetanze that

claims received for services rendered in July and August of 2010 for NFL players and their

families would not be honored.  The Plan, through its administrator CIGNA, explained that it

would not honor claims received within a certain month or within a certain number of days after

a game because such claims were subject to Workers' Compensation.  Vetanze submitted

evidence that he believes demonstrated that the claims were not work-related.  However, the Plan

still refused to consider the claims or conduct an investigation.  On September 21, 2011 Vetanze

filed this suit seeking reimbursement for services rendered plus double damages and attorney's

fees pursuant to "C.R.S. § 10-3-1115-1116."  Complaint ¶6.

Plaintiff alleges that he "is not a plan beneficiary under ERISA or under the plain

language of the policy, and that his claims "are not subject to removal."  Complaint ¶¶4, 7.

Nevertheless, defendant filed a notice of removal, arguing that ERISA governs claims for

benefits under the Plan because "the Plan provides group health insurance benefits to 'eligible

current Players, certain former Players, and Dependents'" (#1, ¶7).  The Plan provides that it

"shall be construed and enforced in accordance with ERISA and the laws of the State of Indiana,

to the extent such laws are not preempted by ERISA" (#1, ¶8) (citing Exhibit B, p. 41).  Thus,

defendant argues, federal question jurisdiction arises. because Vetanze's state law claims are

completely preempted by ERISA.  Plaintiff moved to remand.  The motion has been fully

briefed.

**Standard**

The removing party, here the Plan, has the burden to support removal by a preponderance

of the evidence.  *McPhail v. Deere & Co.*, 529 F.3d 947, 952-53 (10th Cir. 2008).  In general,

courts follow the well-pleaded complaint rule, providing that a federal question must appear on

the face of plaintiff's complaint, when determining whether a case arises under federal law.

However, "'[w]hen the federal statute completely pre-empts the state-law cause of action, a

claim which comes within the scope of that cause of action, even if pleaded in terms of state law,

is in reality based on federal law.'  ERISA is one of these statutes." *Aetna Health Inc. v. Davila*,

542 U.S. 200, 207-08 (2004) (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).  To

support removal, the Plan must demonstrate that the ERISA doctrine of complete preemption

applies to plaintiff's state law claims.

**Conclusions**

Plaintiff argues that he is not a "Plan participant or beneficiary" (#8, p.1).  Rather, he is a

"healthcare provider" bringing claims as a first party claimant as defined under Colorado state

law.  *Id.* at 1-2.  Plaintiff contends that he purposefully chose not to bring claims under ERISA as

a beneficiary or an assignee of beneficiaries.  He argues that his claims are not based solely on

legal duties created by ERISA.  Rather, they arise from a state statute and the common law

theory of estoppel.  Thus, under the well-pleaded complaint rule, he has not alleged claims

sufficient to invoke federal jurisdiction.

Defendant counters that removal was proper because Vetanze (1) has derivative standing

to assert an ERISA claim, because he obtained written assignments of claims for benefits from

the Plan's participants; (2) is, in actuality, asserting a claim for the recovery of benefits under the

Plan; and (3) is asserting a claim that does not implicate a legal duty independent of ERISA.  *Id.*

In *Aetna Health Inc., v Davila*, the United States Supreme Court created a test for

determining complete preemption:

> Where the individual is entitled to coverage only because of the terms of an
> ERISA-regulated employee benefit plan, and where no legal duty (state or
> federal) independent of ERISA or the plan terms is violated, then the suit falls
> within the scope of ERISA § 502(a)(1)(B).  In other words, if an individual, at
> some point in time, could have brought his claim under ERISA § 502(a)(1)(B),
> and where there is no other independent legal duty that is implicated by a
> defendant's actions, then the individual cause of action is completely pre-empted
> by ERISA § 502(a)(1)(B).

542 U.S. at 210 (internal citations omitted).

Thus, this Court must determine (1) whether the plaintiff could have brought its claim

under § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B), and (2) whether no other legal duty supports

the plaintiff's claims.  *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011);

*Memorial Health Sys v. Aetna Health*, 730 F.Supp.2d 1289, 1294 (D. Colo. 2010).

    1.   Could plaintiff have brought his claim under § 502(a)(1)(B)?

The first prong of the *Davila* inquiry requires that the defendant make a two-part

showing: "(1) that Plaintiff is a plan participant or beneficiary or otherwise has standing to sue

and (2) that Plaintiff is seeking benefits under the terms of a plan."  *Memorial Health*, 730

F.Supp.2d at 1294.  If defendant can demonstrate both of these elements, then plaintiff could

have brought his claim under § 502(a)(1)(B).

Plaintiff argues that because he is neither a participant nor a beneficiary he does not have

standing to sue under ERISA § 502(a)(1)(B).  Health care providers generally are not considered

to be beneficiaries or participants, and therefore they lack standing to bring a claim under §

502(a)(1)(B).  *Memorial Health*, 730 F.Supp.2d at 1294 (citing *Borrero v. United Healthcare of*

*New York, Inc.*, 610 F.3d 1296, 1301-02 (11th Cir. 2010)).  However, a health care provider may

acquire standing to sue by obtaining assignments of participants' or beneficiaries' rights to

receive payments.  *See Borrerro*, 610 F.3d at 1301-2 ("a healthcare provider may acquire

derivative standing under ERISA by obtaining written assignment from a participant or

beneficiary of his right to payment of medical benefits.").  *See also Montefiore Medical Center v.*

*Teamsters Local 272*, 642 F.3d 321, 329 (2d Cir. 2011).  Although the Tenth Circuit has not

spoken on the issue, another court in this district has found that derivative standing under ERISA

is available based on the assignment of claims from beneficiaries or participants.  *Memorial*

*Health*, 730 F.Supp.2d at 1294-95.

Defendant points to a Health Insurance Claim Form in which a box is marked indicating

that the patient's claim has been assigned to Vetanze (#1, Exhibit 5).  Further, in Mr. Vetanze's

affidavit he states, "I have obtained a full assignment and right to obtain benefits for care and services rendered to various patients insured by the Defendant listed above." (#1, Exhibit 4, ¶8).

Plaintiff does not deny that he has received the assignment of various patients.  Rather, he argues that he chose not to bring a claim as an assignee in this case.  Plaintiff's argument misses the point, which is whether he had standing to sue as an assignee.  If choosing not to bring a claim under ERISA, notwithstanding his right to do so, ended the inquiry, then ERISA's complete preemption doctrine would be ineffectual.  "[D]istinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA."  *Davila*, 542 U.S. at 214 (internal citations omitted).  Although plaintiff did not explicitly bring a claim as an assignee, defendant has shown by a preponderance of the evidence that he has derivative standing by virtue of his admitted assignments for care and services.

In order to meet the first prong of the *Davila* analysis, defendant must also demonstrate that plaintiff is seeking benefits under the terms of the Plan.  In his affidavit, Vetanze states that he believes "that the insurer was attempting to change the terms and conditions of insurance in the middle of a policy term" (#1, Exhibit 4, ¶7).  Vetanze further states that he is "owed the reasonable value of services rendered to various insureds of the Defendant."  *Id.* at ¶9.  The claims brought by plaintiff also indicate that he is seeking benefits under the terms of the plan. C.R.S. § 10-3-1116(1), under which plaintiff necessarily is bringing his statutory claim, limits payment to first-party claimants "whose claim for payment of benefits has been unreasonably delayed or denied."  All of these things indicate that plaintiff is seeking benefits under the terms of the Plan.

Therefore the Court finds that defendant has met the requirements of the first prong: Vetanze has derivative standing by virtue of the assignment of his patients' benefits, and he is seeking benefits under the terms of the Plan.

    2.  <u>Does an independent legal duty supports plaintiff's claims</u>?

Plaintiff argues that his claims are not based solely on legal duties created by ERISA but instead are based on state statute and common law.  However, C.R.S. 10-3-1116(1), is "completely preempted by ERISA." *Flowers v. Life Ins. Co. of North America*, 781 F.Supp.2d 1127, 1132 (D. Colo. 2011).  State common law estoppel doctrine is likewise preempted by ERISA.  *Peckham v. Gem State Mutual of Utah*, 964 F.2d 1043, 1045 (10th Cir. 1992).

Plaintiff cites *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. of Health and Welfare*, 538 F.3d 594, 596 (7th Cir. 2008.) for the proposition that a plaintiff can separate his possible ERISA claims from other claims that arise on an independent basis.  However, the plaintiff's claims in *Franciscan Skemp* were based on a conversation that occurred between the healthcare provider and an employee of the employee benefit plan.  Here, it is the very denial of benefits and payment that creates the basis for plaintiff's claims.  Such a separation is not possible in this case.

In sum, plaintiff's claims seek "only to rectify a wrongful denial of benefits promised under [an] ERISA-regulated [plan], and do not attempt to remedy any violation of a legal duty independent of ERISA." *Davila*, 542 U.S. at 214.  An "artful pleading on the part of a plaintiff to disguise federal claims by cleverly dressing them in the clothing of state-law theories will not succeed in keeping the case in state court." *Franciscan Skemp*, 538 F.3d at 596.

6

**Order**

Because defendant has demonstrated, by a preponderance of the evidence, that (1) the

plaintiff could have brought his claim under § 502(a)(1)(B); and (2) no other independent legal

duty supports the plaintiff's claims, the Court finds that plaintiff's state law claims are

completely preempted by ERISA.  Therefore, the Motion to Remand [docket #8] is DENIED.

DATED this 28th day of December, 2011.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

7