IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-2734-RBJ

NELSON VETANZE, doing business as OMNI CHIROPRACTIC,

Plaintiff,

v.

NFL PLAYER INSURANCE PLAN,

Defendant.

## ORDER

This appeal from the denial of benefits under an ERISA plan is before the Court again following a remand for further proceedings. Oral argument was presented on August 20, 2015. For the reasons set forth herein, the Court now affirms the denial of benefits.

### CASE HISTORY

As discussed in greater detail in this Court's order of December 3, 2013, ECF No. 59, the NFL Player Insurance Plan provides medical benefits for eligible NFL players and their dependents. The Plan is funded by the NFL Players Insurance Trust and grants the Trustees discretionary authority to interpret the Plan and resolve questions of fact. The Trustees in turn delegated discretionary authority to apply the terms of the Plan and to make factual determinations to CIGNA as a third-party administrator.

Significantly for purposes of the present case, the Plan does not cover the cost of treatments for injuries resulting from a player's employment or occupation. In 2010 the Trustees determined that many claims by players for chiropractic services that were work-related and

therefore not covered were in fact being paid by the Plan. Accordingly, they adopted a rebuttable presumption that chiropractic services were work-related if they were received by an active player either during training camp or on or near a game day. A player who received services during those periods could rebut the presumption by showing that the services were actually provided for a sickness or injury that was not work-related. This new policy went into effect prior to the various teams' training camps in the summer of 2010. However, in communicating the requirements of the new policy to CIGNA, the Plan stated, "[n]o chiropractic claims should be paid for chiropractic services performed during each Club's Training Camp." ECF No. 59 at 3, citing the record at NFL 62).

During the Denver Broncos' 2010 training camp 21 players received chiropractic treatments from Dr. Nelson Vetanze. Dr. Vetanze submitted claims to CIGNA on pre-printed claim forms. In my previous order I used as an example the treatment provided to player Robert Ayers on July 30, 2010. On the form Dr. Vetanze provided his diagnosis by listing code numbers corresponding to nonallopathic lesions of the cervical region, thoracic region, lumbar region and lower extremities, and he checked a box indicating that the injuries were not related to Mr. Ayers' employment. The record also contains treatment notes which, as I wrote in my previous order, meant little to me but might mean something to a professional in the field concerning whether the treatments were work-related. ECF No. 59 at 4. CIGNA denied the claims. According to the Plan's original Response Brief in this appeal, CIGNA denied each claim "because the chiropractic treatment had occurred during the 2010 training camp." ECF No. 56 at 10.

Dr. Vetanze, who has taken assignments of the players' claims, notified CIGNA of his appeal from its denial of the Ayers claim in what I interpreted as being a form letter crafted for

that purpose. The letter lists the four diagnosis codes, adding in handwriting "segmental dysfunction," and then states,

> The condition is NOT work related and was NOT the result of an on-the-job injury. No work-related injury has been reported and no workers compensation claims have been filed.
>
> I appeal your previous decision, requesting you reconsider and pay this claim in accordance with Mr. [Ayers written in] s' coverage with Cigna Insurance as this patient is an exception to the NFL mandate to NOT pay chiropractors for treatment rendered to active NFL players.

Record at Ayers 11.

The appeal was denied on May 27, 2011. The basis for denial was provided by CIGNA's Appeal Processor as follows:

> The decision was based on the NFL Players Insurance Plan Summary Plan Description which excludes from coverage any services provided for an injury or sickness that is work-related. Chiropractic services provided to an active Player in training camp or on or near a game day are presumed to be work-related, absent a showing they are not. The claim submitted by Nelson Vetanze, BS, was documentation on file showing otherwise.

*Id.*

This lawsuit followed. Because CIGNA had been granted discretionary authority with respect to the payment of claims for medical benefits under the Plan, I applied an abuse of discretion or "arbitrary and capricious" standard, limiting my review to the administrative record. ECF No. 59 at 5.

> I expressed two concerns about CIGNA's denial of the claims:
>
> First, although the Trustees enacted a rebuttable presumption that claims occurring during training camp are work-related, that is not the way the decision was communicated to the NFL clubs or to CIGNA. Rather, both the NFL Management Council's memo to the teams of July 10, 2010 informing them of the new policy and the Plan's letter to CIGNA of August 2, 2010 state that the Plan will not pay claims filed for chiropractic services performed during training camp. That is not a rebuttable presumption. That is a plain directive that such claims will not be paid, thereby seemingly divesting CIGNA of discretion to do anything but deny claims. While it is not clear in the administrative record that CIGNA's

3

> initial denial of the claims was based on that directive, I note again that the Plan seems to admit in its brief before this Court that "CIGNA denied these claims, because the chiropractic treatment had occurred during the 2010 training camp." Response Brief [#56] at 10.
>
> Second, and more importantly, although the Appeal Processor appears to have applied the rebuttable presumption, he stated that "no documentation" was on file showing that the services were not work related. NFL 35. That is plainly erroneous. Dr. Vetanze had checked the claim forms to indicate that the services that are the subject of the subject claims were not work-related, and a similar representation was made in his appeal letter. A check mark on a form and a form letter, even from the treating chiropractor, might not be compelling evidence. . . . However, Dr. Vetanze's opinion should have been considered, and it is not at all clear that it was.

ECF No. 59 at 7-8.

Therefore, I reversed the denial of benefits and remanded for further proceedings. In doing so I explicitly directed that "the administrative record be reopened for the presentation by either or both parties of such additional evidence as they deem appropriate." *Id.* at 9. I directed CIGNA to apply the rebuttable presumption to each separate claim in light of the full record including any supplementation that might be made, and then to explain its decision including its consideration of Dr. Vetanze's opinion. *Id.*

### PROCEEDINGS BELOW AFTER THE DECEMBER 3, 2013 ORDER

On January 16, 2014 counsel for the Plan advised Dr. Vetanze's counsel that CIGNA was ready to begin its review on remand and, in accordance with this Court's order, invited Dr. Vetanze or counsel on his behalf to submit additional materials to CIGNA. ECF No. 63-1. On February 12, 2014 counsel for Dr. Vetanze sent a letter to CIGNA enclosing a copy of the 2010 Chiro Code Desk Book, which contained references to diagnosis and treatment codes. The letter also called CIGNA's particular attention to certain documents in the administrative record concerning three of the 21 players. *Id.* at 4-21. However, the letter and its enclosures provided no new information bearing on whether the services to the 21 Bronco players were or were not

work-related. When asked during oral argument why Dr. Vetanze had not provided additional information in support of his claim that the services rendered during the training camp were not work-related, counsel essentially indicated that he did not understand that that was permissible.

CIGNA re-reviewed the original record. The re-review was performed by one of CIGNA's Medical Directors, Paul LeMay, who is board certified in Chiropractic Medicine. Dr. LeMay reviewed each player's file and wrote separate letters to each of the players describing his review and his decision. ECF Nos. 60-1 through 60-21. In each case Dr. Lemay stated that he had reviewed the record, including the statements of Dr. Vetanze, but that the documents supplied for review did not outweigh the presumption that the services were work related. *See, e.g.,* ECF No. 60-3 (letter to Robert Ayres) at 1. In explaining the factors he used, Dr. LeMay noted, among other things, the physical demands on a player during training camp; the lack of any specific clinical information supportive of a finding that the player's condition was directly and uniquely the result of a non-work related event; and the proper weight that he believed should be afforded the statements of the treating doctor. *Id.* at 2.

Dr. Vetanze through counsel then filed what he deemed to be a "Request for Judicial Review on Remand." ECF No. 62. He noted that CIGNA collected no new information. *Id.* at ¶2. He contended that Dr. LeMay's review of the record was an improper attempt to supplement the record with new evidence. *Id.* at ¶¶5, 7. And he asked the Court to affirm its order of reversal, order the Plan to pay the claims, and to award him attorney's fees and costs. *Id.* at ¶10.

## CONCLUSIONS

The Plan followed this Court's directions. I conclude from the materials presented that CIGNA again reviewed the record; that in doing so it applied a rebuttable presumption that chiropractic benefits provided to players during the 2010 training camp were work-related; and

that it reviewed the evidence in the record supporting Dr. Vetanze's position that the services were not work related.

Dr. Vetanze is largely correct when his counsel suggests that CIGNA did not collect new information. With the exception of the minimal information added to the record by Dr. Vetanze's counsel, there was no new information to review. What is "new" is that the second review of the record was conducted by Dr. LeMay, a chiropractor. His letters clearly state that he applied the presumption and considered Dr. Vetanze's evidence, such as it was. His interpretation of the record was that there was insufficient evidence to rebut the presumption that the services rendered to players during the 2010 training camp were work-related. It is not for this Court to judge whether he was right or wrong. The question is whether the second review amounted to an abuse of discretion or was conducted in an arbitrary or capricious manner. I conclude that it was not.

Dr. Vetanze believes that having a chiropractor on CIGNA's staff conduct the re-review was improper. I disagree. In the first place I did not tell the Plan or CIGNA how to conduct the review, other than that CIGNA must not automatically reject the claim just because the services were provided during training camp, and that it must expressly consider Dr. Vetanze's evidence. Enlisting Dr. LeMay for this purpose was, if anything, an opportunity to have a fellow professional consider Dr. Vetanze's position. It was consistent with my observation in the December 3, 2013 order that although as a layman I could not understand some of Dr. Vetanze's notes well enough to see how they might bear on the work-related issue, a professional in the field perhaps could.

What I have trouble understanding is why Dr. Vetanze made no effort to supplement the record despite the Court's express invitation for him to do so. I had indicated in the earlier order

that the information in the record supporting his position was not necessarily compelling.  I made it as clear as I could make it in my order that on remand both parties could supplement the record as they deemed appropriate.  Frankly, I assumed that Dr. Vetanze would provide additional explanation as to why he considered the services to be non-work related, and possibly supplement the record with an independent expert's opinion.  For whatever reason he did not do any of that.

## ORDER

For the foregoing reasons I now conclude that the denial of benefits to the 21 players was not arbitrary, capricious or an abuse of discretion.  Therefore, the denial of benefits is affirmed.  The Court directs that final judgment enter in favor of the defendant/respondent, the NFL Player Insurance Plan, and against the plaintiff/petitioner, Nelson Vetanze, doing business as OMNI Chiropractic.  Plaintiff's request for judicial review, ECF No. 62, is GRANTED to the extent that the review has been conducted but is otherwise DENIED.  As the prevailing party, the Plan is awarded its costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR. 54.1

DATED this 25th day of August, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge